Terence N. Hawley (SBN 179106)
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA  94105-3659
T:  415-543-8700
F:  415-391-8269
thawley@reedsmith.com

Barbara Podlucky Berens (*Pro Hac Vice*)
Carrie L. Zochert (*Pro Hac Vice*)
Erin K. Lisle (*Pro Hac Vice*)
BERENS & MILLER, P.A.
3720 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
T:  612-349-6171
F:  612-349-6416
bberens@berensmiller.com
czochert@berensmiller.com
elisle@berensmiller.com

Attorneys for Defendant
VANTAGESCORE SOLUTIONS, LLC

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| KATHERINE SASS and CODY HOUNANIAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GREAT LAKES EDUCATIONAL LOAN SERVICES, INC., EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC. and VANTAGESCORE SOLUTIONS, LLC,<br><br>Defendants. | Case No. 3:20-cv-3424-EMC<br><br>**DEFENDANT VANTAGESCORE SOLUTIONS, LLC'S NOTICE OF MOTION & MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM  OF POINTS AND AUTHORITIES**<br><br>Date:  August 27, 2020<br>Time:  1:30 p.m.<br>Courtroom:  Five (5)—17th Floor<br>Judge: Hon. Edward M. Chen |

TO THE COURT, ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on August 27, 2020, at 1:30 p.m., or as soon thereafter as this matter may be heard, in Courtroom 5, 17th Floor, of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, 94102, before the Honorable Edward M. Chen, Defendant VantageScore Solutions, LLC ("VSS"), by and through counsel, will and hereby does move, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing Plaintiffs' Complaint as against VSS, for lack of subject matter jurisdiction (standing) and for failure to state a claim upon which relief can be granted.  This Motion is based on the grounds discussed in the Memorandum of Points and Authorities in Support of this Motion, the complete files in this action, the arguments of counsel, and other further matters as this Court may consider.

WHEREFORE, Defendant VSS respectfully requests that the Court issue an order GRANTING this Motion to Dismiss with prejudice and awarding VSS such other and further relief as the Court deems just.

Dated:  July 17, 2020

REED SMITH LLP

 */s/ Terence N. Hawley*
Terence N. Hawley (SBN 179106)
101 Second Street, Suite 1800
San Francisco, CA  94105-3659
T:  415-543-8700
F:  415-391-8269
thawley@reedsmith.com

*and*

BERENS & MILLER, P.A.
Barbara Podlucky Berens (*Pro Hac Vice*)
Carrie L. Zochert (*Pro Hac Vice*)
Erin K. Lisle (*Pro Hac Vice*)
3720 IDS Center
80 South 8th Street
Minneapolis, MN  55402
T:  612-349-6171
F:  612-349-6416

*Attorneys for Defendant*
*VANTAGESCORE SOLUTIONS, LLC*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# <u>TABLE OF CONTENTS</u>

**Page**

I.    INTRODUCTION ...................................................................................................... 1

II.    ALLEGED BACKGROUND FACTS ..................................................................... 1

    A.    The Parties. ................................................................................................. 1

    B.    Plaintiffs' UCL Allegations. ...................................................................... 2

III.    ANALYSIS OF PLAINTIFFS' CLAIMS ............................................................... 3

    A.    Motion to Dismiss Standard........................................................................ 3

    B.    The Court Should Dismiss Plaintiffs' Claim as to VSS Because Plaintiffs Impermissibly Lump the Defendants Together. ........................................... 4

    C.    Plaintiffs Lack Constitutional Standing to Bring a Claim for Equitable Relief. .......... 5

    D.    Plaintiffs also Lack Standing to Assert a Claim under the UCL. ................ 6

    E.    Plaintiffs Fail to State a Claim Against VSS Under the UCL. .................... 8

        a.    Plaintiffs' Allegations are Insufficient to State a Claim under the Unfair Practice Prong of the UCL. .................................................. 8

            1.    Plaintiffs Fail to Sufficiently Tether VSS's Actions to a Legislatively-Declared Policy of the CARES Act............................ 10

            2.    Plaintiffs Fail to Sufficiently Allege the Harm to the Public Is Greater than the Utility of VSS's Development of Credit Scoring Models. ...................................................................... 11

        b.    Plaintiffs' Allegations under the Fraudulent Prong of the UCL Fail to State a Claim and Must Be Dismissed........................................... 12

    F.    Leave to Amend Would be Futile. ............................................................. 13

IV.    CONCLUSION……………………………………………………………………13

VantageScore's Motion to Dismiss
Case No. 3:20-cv-3424-EMC

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

**<u>TABLE OF AUTHORITIES</u>**

2

**Page(s)**

3

**Cases**

4

*Ashcroft v. Iqbal,*
 556 U.S. 662 (2009)...................................................................................................................4

5

6

*Backus v. Gen. Mills, Inc.,*
 122 F. Supp. 3d 909 (N.D. Cal. 2015) ...................................................................................12

7

8

*Bank of the W. v. Super. Ct.,*
 833 P.2d 545 (Cal. 1992) ........................................................................................................3

9

*Bell Atl. Corp. v. Twombly,*
 550 U.S. 544 (2007)...........................................................................................................3, 13

10

11

*Birdsong v. Apple, Inc.,*
 590 F.3d 955 (9th Cir. 2009) ...........................................................................................6, 7, 8

12

13

*Boschma v. Home Loan Ctr., Inc.,*
 129 Cal. Rptr. 3d 874 (Cal. Ct. App. 2011) ..........................................................................12

14

*Carvalho v. Equifax Info. Servs., LLC,*
 629 F.3d 876 (9th Cir. 2010) .................................................................................................13

15

16

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.,*
 973 P.2d 527 (Cal. 1999) ..................................................................................................8, 10

17

18

*Corazon v. Aurora Loan Servs., LLC,*
 No. 11-00542 SC, 2011 U.S. Dist. LEXIS 52712 (N.D. Cal. May 5, 2011)...........................5

19

20

*Cordon v. Wachovia Mortgage,*
 776 F. Supp. 2d 1029 (N.D. Cal. 2011) ..................................................................................7

21

*Davis v. HSBC Bank Nev., N.A.,*
 691 F.3d 1152 (9th Cir. 2012) .................................................................................................9

22

23

*Fagbohungbe v. Caltrans,*
 No. 13-cv-03801-WHO, 2014 U.S. Dist. LEXIS 22214 (N.D. Cal. Feb. 19, 2014) ...............4

24

*Fair Isaac Corp. v. Experian Info. Solutions, Inc.,*
 650 F.3d 1139 (8th Cir. 2011), (D. Minn. 2010) .....................................................................1

25

26

*Ford v. Hotwire, Inc.,*
 No. 07-CV-1312 H (NLS), 2007 U.S. Dist. LEXIS 98370 (S.D. Cal. Nov. 19,
 2007) .......................................................................................................................................12

27

28

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

*Freeman v. ABC Legal Servs., Inc.*,
  877 F. Supp. 2d 919 (N.D. Cal. 2012) ................................................................5

*Fresno Motors, LLC v. Mercedes Benz USA, LLC*,
  771 F.3d 1119 (9th Cir. 2014) .............................................................................3

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
  528 U.S. 167 (2000) ..............................................................................................5

*Gauvin v. Trombatore*,
  682 F. Supp. 1067 (N.D. Cal. 1988) .....................................................................5

*Gen-Probe, Inc. v. Amoco Corp., Inc.*,
  926 F. Supp. 948 (S.D. Cal. 1996) ...............................................................4, 5, 9

*Guillermo v. Caliber Home Loans, Inc.*,
  No. C 14-04212 JSW, 2015 U.S. Dist. LEXIS 36211 (N.D. Cal. Mar. 23, 2015) ........................7

*Heaton v. Soc. Fin., Inc.*,
  No. 14-cv-05191-TEH, 2016 U.S. Dist. LEXIS 6690 (N.D. Cal. Jan. 20, 2016) ..........................7

*Hernandez v. Specialized Loan Servicing, LLC*,
  No. CV 14-9404-GW(JEMx), 2015 U.S. Dist. LEXIS 8695 (C.D. Cal. Jan. 22, 2015) ...........7

*Hodgers-Durgin v. DeLa Vina*,
  199 F.3d 1037 (9th Cir. 1999) .............................................................................8

*Hodsdon v. Mars, Inc.*,
  891 F.3d 857 (9th Cir. 2018) .....................................................................8, 9, 10

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) ...........................................................................13

*Korea Supply Co. v. Lockheed Martin Corp.*,
  63 P.3d 937 (Cal. 2003) ........................................................................................3

*Letizia v. Facebook Inc.*,
  267 F. Supp. 3d 1235 (N.D. Cal. 2017) ..........................................................9, 12

*Linares v. CitiMortgage, Inc.*,
  No. C-14-3435 EMC, 2015 U.S. Dist. LEXIS 58919 (N.D. Cal. May 5, 2015) ...........................3

*Lozano v. AT&T Wireless Servs.*,
  504 F.3d 718 (9th Cir. 2007) .....................................................................9, 10, 12

*McKell v. Washington Mutual, Inc.*,
  49 Cal. Rptr. 3d 227 (Cal. Ct. App. 2006) .........................................................12

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*Nationwide Biweekly Admin., Inc. v. Superior Court,*
   462 P.3d 461 (Cal. Apr. 30, 2020) ...................................................................................9

*In re Nexus 6P Prods. Liab. Litig.,*
   293 F. Supp. 3d 888 (N.D. Cal. 2018) ............................................................................5

*Ozeran v. Jacobs,*
   798 F. App'x 120 (9th Cir. 2020) ..............................................................................3, 5

*In re Paxil Litig.,*
   218 F.R.D. 242 (C.D. Cal. 2003) ...................................................................................3

*Rubio v. Capital One Bank,*
   613 F.3d 1195 (9th Cir. 2010) .......................................................................................6

*Schmier v. U.S. Court of Appeals,*
   279 F.3d 817 (9th Cir. 2002) .........................................................................................6

*Scripps Clinic v. Superior Court,*
   134 Cal. Rptr. 2d 101 (Cal. Ct. App. 2003) ................................................................10

*Sebastian Brown Prods., LLC v. Muzooka, Inc.,*
   143 F. Supp. 3d 1026 (N.D. Cal. 2015) .........................................................................4

*Shaeffer v. Califia Farms, LLC,*
   44 Cal. App. 5th 1125, 1134 (Cal Ct. App. 2020) .........................................................6

*Snyder v. Nationstar Mortgage, LLC,*
   No. 15-cv-03049-JSC, 2015 U.S. Dist. LEXIS 154680 (N.D. Cal. Nov. 13, 2015) ......3

*Sprewell v. Golden State Warriors,*
   266 F.3d 979 (9th Cir. 2001) .........................................................................................3

*Summers v. Earth Island Inst.,*
   555 U.S. 488 (2009) ...................................................................................................5, 6

*Temple v. Bank of Am., N.A.,*
   No. 15-cv-01330 NC, 2015 U.S. Dist. LEXIS 77207 (N.D. Cal. June 12, 2015) ..........9

*Williams v. Gerber Prods. Co.,*
   552 F.3d 934 (9th Cir. 2008) .......................................................................................13

*Zhang v. Superior Court,*
   304 P.3d 163 (Cal. 2013) .......................................................................................3, 5, 9

**Statutes**

Cal. Bus. & Prof. Code § 17200, et seq. ................................................................. passim

VantageScore's Motion to Dismiss
Case No. 3:20-cv-3424-EMC

Cal. Consumer Reporting Agencies Act, Cal. Civ. Code §§1785.14(b), 1785.25(a) ...................... 2, 3

Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, §3513,
    134 Stat. 281 (Mar. 27, 2020) ...................................................................................... 1, 2, 4, 7-11

Fair Credit Reporting Act, 15 U.S.C. §1681o ............................................................................ 2, 3

**Rules**

Fed. R. Civ. P. 8 ...................................................................................................................... 4, 5

Fed. R. Civ. P. 9 ........................................................................................................................ 13

Fed. R. Civ. P. 12 .................................................................................................................... 1, 3

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

## STATEMENT OF THE ISSUES TO BE DECIDED

Should Plaintiffs' Complaint be dismissed under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure?

## MEMORANDUM OF POINTS AND AUTHORITIES

VantageScore Solutions, LLC ("VSS") submits this memorandum of points and authorities in support of its motion under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction (standing) and for failure to state a claim upon which relief can be granted.

## I.   INTRODUCTION

Plaintiffs, two student loan borrowers, assert a single claim against VSS under California's Unfair Competition Law ("UCL") based on VSS's alleged violation of a recently enacted federal statute, the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, §3513, 134 Stat. 281 (Mar. 27, 2020)("CARES Act").  Plaintiffs do not allege a viable claim against VSS because their pleadings fail to justify any entitlement to equitable relief, the only remedy under the UCL.  Plaintiffs also lack standing to assert a claim under Article III or the UCL.  For these and other reasons discussed below, the Court should dismiss the claim against VSS.

## II.   ALLEGED BACKGROUND FACTS

### A.   The Parties.

The named Plaintiffs, Katherine Sass and Cody Hounanian, assert four claims on behalf of two putative classes. They name five defendants, Great Lakes Educational Loan Services, Inc. ("Great Lakes"), a company that services student loans on behalf of the U.S. Government; the three national credit agencies, Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and TransUnion, LLC ("TransUnion")(collectively the "CRAs"); and VSS, *see* Compl. ¶¶13-22, a credit score developer and an independent LLC.[1]

---

[1] Plaintiffs allege that VSS is a wholly owned subsidiary of the CRAs.  Compl. ¶58.  The Eighth Circuit ruled to the contrary.  *Fair Isaac Corp. v. Experian Info. Solutions, Inc.*, 650 F.3d 1139, 1150 (8th Cir. 2011)("VantageScore is a limited liability company that is distinct from its three joint shareholders"), *affirming* 711 F. Supp. 2d 991, 1001 (D. Minn. 2010)(when denying Fair Isaac's

VantageScore's Motion to Dismiss
Case No. 3:20-cv-3424-EMC

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1    Plaintiffs assert one claim against VSS, under the UCL, which implicates only one of the

2  putative classes (the "California class").  *See* Compl. ¶¶127-38.[2]

3    **B.    Plaintiffs' UCL Allegations.**

4    Both Plaintiffs have federal student loans held by the U.S. Department of Education

5  ("DOE").  Compl. ¶43.  Plaintiffs allege that their recent credit scores do not accurately represent

6  their credit risk because "Defendants…inaccurately report[ed] information about student loan

7  payments that were suspended under the CARES Act."  Compl. ¶2.  The DOE, pursuant to the

8  CARES Act, suspended all student loan payments due and interest accrued on the loans it holds

9  through September 30, 2020.  *See* Compl. ¶¶4-6.  The CARES Act requires the DOE to "ensure" that

10  any suspended payment be reported as if regularly scheduled payments are being made.  Pub. L. No.

11  116-136, §3513.

12    Plaintiffs allege that Great Lakes inaccurately reported to the CRAs that:  (1) the Named

13  Plaintiffs' loans were "deferred" in both the "terms frequency" and the "comments" section of their

14  credit reports; and (2) that the start date for Plaintiffs' deferred payments is September 1, 2020.  *Id.*

15  ¶¶44-47.  Plaintiffs further allege that the VSS algorithm treated the suspension as a negative rather

16  than a score-neutral event.  Compl. ¶¶62, 76.  Plaintiffs claim their credit scores improperly fell as a

17  result.  Compl. ¶¶46-63.

18    Plaintiff Hounanian specifically alleges that his credit score declined because VSS's 3.0

19  credit-scoring model failed to properly account for the CARES Act provisions addressing student

20  loans.  *Id.* ¶52.  Plaintiffs allege that it is unfair under the UCL for the CRAs and VSS "to create,

21  use, market, sell and promote a credit scoring model which inaccurately predicts that consumers are

22  worse credit risks based on nothing other than the fact that they have federal loans as to which the

23  federal government has suspended payment requirements."  Compl. ¶133.

24  _____

  post-trial motion for a new trial, rejecting Fair Isaac's argument that VSS was an alter ego of the

25  CRCs).

26  [2] Count IV is also asserted against Equifax, TransUnion, and Experian.  *Id.* ¶¶127-38.  Count I
  (alleged violation of the California Consumer Reporting Agencies Act or "CCRAA") is asserted

27  against Great Lakes only.  Count II (alleged violation of the Fair Credit Reporting Act "FCRA") and
  Count III (alleged CCRAA violation) are asserted only against Equifax.  See Compl. ¶¶110-26.

28

1     Plaintiffs also claim that the CRAs' and VSS's practices under the UCL were "fraudulent

2  because consumers and report recipients were deceived and/or were likely to be deceived by

3  Defendants' inaccurate representations with respect to Plaintiffs and the California Subclass

4  Members' creditworthiness."  Compl. ¶135.

5     Hounanian (individually and on behalf of the putative California Subclass) seeks injunctive

6  relief as well as "attorneys' fees and costs" for the Count IV UCL claim.  *See* Compl. ¶138.

7  Plaintiffs also seek "actual, statutory and punitive damages as provided by the FCRA, CCRAA, and

8  UCL," *see* Compl. *Prayer for Relief (f)*, none of which are permissible remedies under the UCL.[3]

9  **III.    ANALYSIS OF PLAINTIFFS' CLAIMS**

10     **A.    Motion to Dismiss Standard.**

11     Federal Rule of Civil Procedure 12(b)(6) requires that a complaint "contain either direct or

12  inferential allegations respecting all the material elements necessary to sustain recovery" under a

13  viable legal theory.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007).  "[A] plaintiff's

14  obligation to provide the grounds of his entitlement to relief requires more than labels and

15  conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555

16  (citation and internal quotation marks omitted).  Likewise, the court is not "required to accept as true

17  allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."

18  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  "[T]he tenet that a court must

19  accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."

20

21  [3] Compensatory damages are not available under the UCL.  *In re Paxil Litig.*, 218 F.R.D. 242, 245
n.2 (C.D. Cal. 2003).  The UCL strictly limits private remedies to injunctive relief and restitution.

22  *Ozeran v. Jacobs*, 798 F. App'x 120, 122 (9th Cir. 2020)(citing *Zhang v. Superior Court*, 304 P.3d
163, 167-68 (Cal. 2013)).  To qualify as restitution, the proceeds sought must be money that was

23  once in plaintiffs' possession or money in which they have an ownership or vested interest.  *Korea
Supply Co. v. Lockheed Martin Corp.*, 63 P.3d 937, 946-47 (Cal. 2003).  "[R]estitutionary relief is

24  limited to money or property lost by the plaintiff *and acquired by the defendant.*"  *Linares v.
CitiMortgage, Inc.*, No. C-14-3435 EMC, 2015 U.S. Dist. LEXIS 58919, at *19 (N.D. Cal. May 5,

25  2015)(citing *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1135 (9th Cir.
2014)(emphasis in original)); *see Ozeran*, 798 Fed. App'x at 122-23 (dismissing claim with

26  prejudice where proceeds plaintiff sought came from defendants' clients, not plaintiff).  Further,
attorneys' fees and costs of suit are not recoverable under the UCL.  *Snyder v. Nationstar Mortgage,*

27  *LLC*, No. 15-cv-03049-JSC, 2015 U.S. Dist. LEXIS 154680, at *30 (N.D. Cal. Nov. 13, 2015)(citing
*Bank of the W. v. Super. Ct.*, 833 P.2d 545 (Cal. 1992)).

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.  "Determining whether a complaint states a plausible claim for relief [is]…a context-specific task that requires the [district] court to draw on its judicial experience and common sense." *Id.*  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'— that the pleader is entitled to relief." *Id.*

**B.     The Court Should Dismiss Plaintiffs' Claim as to VSS Because Plaintiffs Impermissibly Lump the Defendants Together.**

"A plaintiff must identify what action each Defendant took that caused Plaintiffs' harm, without resort to generalized allegations against Defendants as a whole." *Sebastian Brown Prods., LLC v. Muzooka, Inc.*, 143 F. Supp. 3d 1026, 1037 (N.D. Cal. 2015)(quotation and citation omitted). Thus, a "complaint which 'lump[s] together . . . multiple defendants in one broad allegation fails to satisfy [the] notice requirement of Rule 8(a)(2).'" *Id. (*quoting *Gen-Probe, Inc. v. Amoco Corp., Inc.*, 926 F. Supp. 948, 961 (S.D. Cal. 1996).

Here, each of the Defendants is an independent entity and Plaintiffs, in several paragraphs in their Complaint, allege VSS performs different services than the other Defendants. *See* Compl. ¶¶13-22 (describing Defendants).  Plaintiffs nonetheless improperly merge the Defendants together for purposes of most of their allegations, i.e., pleading conduct by "Defendants" without distinguishing what VSS allegedly did from what other Defendants allegedly did. *See, e.g.*, Compl. ¶81 (alleging "Defendants had a myriad of existing options available to them that would have allowed them to report borrowers' loans in a fashion that complied with …the CARES Act"); *id.* ¶82 (alleging "Defendants could have easily reported accurately using existing tools and procedures"); *id.*¶102 (alleging "Defendants failed to anticipate the impact that data would predictably have on consumers' credit scores, and failed to revise their scoring algorithms in light of the relief provided by the [CARES] Act"); *see also id.* ¶¶1-2, 7, 9-10, 77, 79-80, 98-99, 105-06, 108-09, 127.  This is impermissible. *See, e.g.*, *Fagbohungbe v. Caltrans*, No. 13-cv-03801-WHO, 2014 U.S. Dist. LEXIS 22214, at *9 n.4 (N.D. Cal. Feb. 19, 2014)(stating "general allegation regarding 'defendants'

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

VantageScore's Motion to Dismiss
Case No. 3:20-cv-3424-EMC

is…insufficient on its face because it does not identify which specific defendants"); *Corazon v. Aurora Loan Servs., LLC*, No. 11-00542 SC, 2011 U.S. Dist. LEXIS 52712, at *10 (N.D. Cal. May 5, 2011)(stating "[u]ndifferentiated pleading against multiple defendants is improper").

Accordingly, Plaintiffs' allegations against VSS are insufficient and Count IV should be dismissed under Rule 8(a)(2). *See, e.g.*, *Gen-Probe, Inc. v. Amoco Corp., Inc.*, 926 F. Supp. 948, 961 (S.D. Cal. 1996)(citing *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988))*; see, e.g.*, *In re Nexus 6P Prods. Liab. Litig.*, 293 F. Supp. 3d 888, 955 n.10 (N.D. Cal. 2018)(chastising plaintiffs for lumping defendants' alleged conduct together).

### C.   Plaintiffs Lack Constitutional Standing to Bring a Claim for Equitable Relief.

As noted above, *see* fn. 3, relief under the UCL is limited to the equitable remedies of restitution and injunctive relief. *Ozeran*, 798 F. App'x at 122 (citing *Zhang v. Superior Court*, 304 P.3d 163, 167-68 (Cal. 2013)). Plaintiffs make no claim for restitution and thus only injunctive relief would be available under the UCL.

Under federal law, "[a] plaintiff must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000). To plead adequately entitlement to injunctive relief under the UCL in federal court, Plaintiffs must also meet federal constitutional standing requirements. *Freeman v. ABC Legal Servs., Inc.*, 877 F. Supp. 2d 919, 924 (N.D. Cal. 2012). Thus, to seek injunctive relief, Plaintiffs:

> [M]ust show that [they are] under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury.

*Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009).

Here, Plaintiffs merely allege that "Plaintiff Hounanian will seek credit in the future, and <u>because of the ubiquity of Defendants' reports in credit screening</u>, there is a real and immediate threat Plaintiff Hounanian will suffer the same injury with respect to future credit applications." Compl. ¶137 (emphasis added). Those allegations fail to establish standing for several reasons.

*First*, the allegations are too speculative and conclusory to satisfy Article III standing. *See*

VantageScore's Motion to Dismiss
Case No. 3:20-cv-3424-EMC

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*Schmier v. U.S. Court of Appeals*, 279 F.3d 817, 821 (9th Cir. 2002)("hypothetical, speculative or other 'possible future' injuries do not count in the standings calculus").  Specifically, Plaintiffs fail to articulate when or from whom Hounanian will seek credit and why his purported intent to get credit sometime in the future poses a "real and immediate threat."  *See* Compl. ¶137.

Plaintiffs also fail to allege sufficiently how VSS is the source of the "real and immediate threat."  Plaintiffs also fail to allege that VSS offers consumers credit or that it creates, offers, or sells the hypothetical credit reports such that VSS should be enjoined.  *See* Compl. ¶137.  Plaintiffs' allegations that focus on VSS pertain to its credit-scoring model.  *See e.g.*, Compl. ¶¶2, 133.  Thus, any threat to Plaintiffs from VSS is neither "actual and imminent" nor "concrete and particularized."  *See Summers*, 555 U.S. at 493 (setting forth standing requirements).

*Second*, Plaintiffs' allegations fail to trace Hounanian's alleged injury to any specific actions by VSS.  *See id.* (requiring plaintiff to show threat is traceable to challenged action of defendant).  Instead, Plaintiffs trace Hounanian's alleged future harm to the "ubiquity of Defendants' reports in credit screening."  *See* Compl. ¶137.  But VSS does not sell or otherwise offer credit reports, nor do Plaintiffs allege that it does.  Because Plaintiffs' allegations fail to trace the threatened harm of an inaccurate credit report to VSS, their UCL claim must be dismissed for lack of standing.

**D.     Plaintiffs also Lack Standing to Assert a Claim under the UCL.**

To properly state a cause of action under the UCL, a complaint must also set forth sufficient allegations of a plaintiff's statutory standing to sue.  *Shaeffer v. Califia Farms, LLC*, 44 Cal. App. 5th 1125, 1134 (Cal Ct. App. 2020).  To establish standing under the UCL, a plaintiff must allege he or she has suffered economic injury, in the form of lost money or property, as a result of the alleged unfair business practice.  *Rubio v. Capital One Bank*, 613 F.3d 1195, 1203 (9th Cir. 2010)(citing UCL §17204); *see Birdsong v. Apple, Inc.*, 590 F.3d 955, 960-61 (9th Cir. 2009)(stating hypothetical and non-particularized injury is insufficient for UCL standing).

Here, Plaintiffs seek to establish standing by alleging economic injury in the form of a diminished credit score, Compl. ¶67, and by claiming that Hounanian incurred out-of-pocket losses as a result of being "forced to abandon his search to purchase a new home" after he had already

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  signed a lease to rent his current home.  *Id.* ¶¶68-71.

2       There is a split in authority as to whether a diminished credit score suffices to establish

3  standing under the UCL.  *See Heaton v. Soc. Fin., Inc.*, No. 14-cv-05191-TEH, 2016 U.S. Dist.

4  LEXIS 6690, at *19 (N.D. Cal. Jan. 20, 2016)(recognizing a split among courts as to whether a mere

5  drop in credit score is sufficient to establish standing under the UCL).  VSS maintains that it is not.

6  *See Hernandez v. Specialized Loan Servicing, LLC*, No. CV 14-9404-GW(JEMx), 2015 U.S. Dist.

7  LEXIS 8695, at *23-24 (C.D. Cal. Jan. 22, 2015)("while there is authority to the contrary, this Court

8  does not believe that negative credit reporting, standing alone, can possibly constitute lost 'money or

9  property' sufficient to confer UCL standing").

10       Plaintiffs also fail to make a sufficient showing of economic injury arising from Hounanian's

11  purported out-of-pocket losses.  Plaintiffs do not specify what those losses are, to whom the money

12  was paid, exactly why it was paid, or the amount paid.  Compl. ¶¶68-71. Plaintiffs' allegations as to

13  the purported out-of-pocket losses are too conclusory and thus insufficient to confer standing for a

14  UCL claim.  *See Birdsong*, 590 F.3d at 960-61 (stating non-particularized injury is insufficient for

15  UCL standing).  As a result, Plaintiffs' UCL claim should be dismissed.

16       Even if the Court were to find that Plaintiffs' allegations of a diminished credit score were

17  sufficient or that Hounanian's out-of-pocket losses were adequately pled, Plaintiffs fail to establish a

18  causal connection between Hounanian's economic injuries and VSS's alleged unfair practice.  *See*

19  *Cordon v. Wachovia Mortgage*, 776 F. Supp. 2d 1029, 1039 (N.D. Cal. 2011) (finding a lack of

20  standing under UCL where plaintiff fail to attribute alleged harm to wrongful actions of defendant);

21  *Guillermo v. Caliber Home Loans, Inc.*, No. C 14-04212 JSW, 2015 U.S. Dist. LEXIS 36211, at *33

22  (N.D. Cal. Mar. 23, 2015)(plaintiffs failed to allege facts sufficient to support a finding that they lost

23  either money or property as a result of Defendants' conduct).

24       Plaintiffs allege that Hounanian's score dropped as a result of the VSS "3.0 model failing to

25  properly account for the fact that the CARES Act provided automatic relief to all borrowers with

26  student loans held by the [DOE]."  Compl. ¶52.[4]  Plaintiffs' allegations with regard to VSS and its

27
28  ─────────────────
[4] The scoring models Plaintiffs complain about, VantageScore 3.0 and 4.0, were developed in 2011-
13 and 2015-17, respectively.  *See* Compl. ¶54.  But as noted above, Hounanian alleges only that his

VantageScore's Motion to Dismiss
Case No. 3:20-cv-3424-EMC

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  models are conclusory and fail to adequately allege that any economic injury was actually caused by

2  VSS's purported conduct.

3       Plaintiffs' allegations regarding Hounanian's out-of-pocket losses fail for the same reason.

4  Plaintiffs do not tie the unidentified losses to VSS's allegedly unlawful conduct.  *See* Compl. ¶67.

5  Allegations that Hounanian might seek credit in the future, *id.* ¶¶68-71, are too speculative and

6  attenuated from VSS's purported unlawful conduct to confer standing.  *See Birdsong*, 590 F.3d at

7  960-61 (stating hypothetical and non-particularized injury is insufficient for UCL standing).

8  Plaintiffs' UCL claim against VSS should thus be dismissed.

9       **E.    Plaintiffs Fail to State a Claim Against VSS Under the UCL.**

10       Even if Plaintiffs could establish lack of an adequate remedy of law, Article III standing, and

11  standing under the UCL, their UCL claim fails because they do not tie VSS's actions to a

12  legislatively-declared policy in the CARES Act or allege facts to indicate VSS's practices are likely

13  to deceive members of the public.

14       The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair,

15  deceptive, untrue or misleading advertising."  Cal. Bus. & Prof. Code § 17200.  The test for

16  determining a violation of the UCL, is a disjunctive one; namely, a plaintiff may show that the acts

17  or practices at issue are either unlawful or unfair or deceptive.  *Hodsdon v. Mars, Inc.*, 891 F.3d 857,

18  865 (9th Cir. 2018)(citing *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 973 P.2d 527, 540

19  (Cal. 1999)).  Each prong has its own independent ground for liability under the UCL.  *See id.* at

20  865-66.  Here, Plaintiffs allege claims against VSS under the unfair and fraudulent prongs of the

21  UCL.  *See* Compl. ¶¶133, 135.

22       **a.    *Plaintiffs' Allegations are Insufficient to State a Claim under the Unfair Practice Prong of the UCL.***

23

24       To state a UCL claim based on an "unfair" practice, a plaintiff must allege facts that a

25  _____

26  credit score based on the VSS 3.0 model declined.  Compl. ¶52.  As a result, Plaintiffs are unable to seek injunctive relief as to VSS 4.0 on behalf of any potential class members because Hounanian is not individually entitled to such relief.  *See Hodgers-Durgin v. DeLa Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999)(stating "[u]nless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief").

27

28

VantageScore's Motion to Dismiss
Case No. 3:20-cv-3424-EMC

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    defendant's business practice "offends an established public policy or the practice is immoral,

2    unethical, oppressive, unscrupulous or substantially injurious to consumers." *Temple v. Bank of*

3    *Am., N.A.*, No. 15-cv-01330 NC, 2015 U.S. Dist. LEXIS 77207, at *15-16 (N.D. Cal. June 12,

4    2015)(internal quotation marks and citation omitted)).

5         Plaintiffs' allegations against VSS under the unfair prong of the UCL are inadequate.

6    Specifically, Plaintiffs allege in conclusory fashion that:

7         [I]t is unethical, immoral, unscrupulous, oppressive, and substantially injurious
          for…VantageScore to create, use, market, sell, and promote a credit scoring model
8         which inaccurately predicts that consumers are worse credit risks based on nothing
          other than the fact that they have federal [student] loans as to which the federal
9         government has suspended payment requirements.

10   Compl. ¶133.  Plaintiffs contend that "[r]educing scores in this fashion contravenes the public policy

11   behind the CARES Act and is unfair because it penalizes borrowers for no reason other than that

12   Defendants[5] failed to anticipate the impact that data would predictably have on consumers' credit

13   scores, and failed to revise their scoring algorithms in light of the relief provided by the Act."

14   Compl. ¶102.

15        The UCL does not define what constitutes an "unfair" business practice.  "In fact, the proper

16   definition of 'unfair' conduct against consumers is currently in flux among California courts."

17   *Hodsdon*, 891 F.3d at 866 (citing *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1169 (9th Cir.

18   2012)(quotation omitted)).[6]  As a result, the Ninth Circuit has set forth two tests which district courts

19   may apply to evaluate whether a practice would be unfair under the UCL:  (1) the "public-policy"

20   test, and (2) the "balancing" or *South Bay* test.  *Letizia v. Facebook Inc.*, 267 F. Supp. 3d 1235, 1245

21   (N.D. Cal. 2017).  "These options…are not mutually exclusive."  *Lozano v. AT&T Wireless Servs.*,

22   504 F.3d 718, 736 (9th Cir. 2007)(holding district court did not apply wrong legal standard by

23   relying on the balancing test from *South Bay*).  Plaintiffs' allegations fail to state a claim under either

24   _____

25   [5] This is another example of Plaintiffs' allegations that improperly merge Defendants' conduct.  As
     discussed *supra*, this alone warrants dismissal.  *Gen-Probe*, 926 F. Supp. at 961-62.

26   [6] The California Supreme Court has yet not determined the proper test under the UCL for defining
     "unfair" in the consumer context.  *Nationwide Biweekly Admin., Inc. v. Superior Court*, 462 P.3d
27   461, 471-72 (Cal. Apr. 30, 2020)(noting splits of authority in state courts of appeal); *see Zhang v.
     Superior Court*, 304 P.3d 163, 174 n.9 (Cal. 2013)(describing split of authority).

28

1    test.

2                    1.      Plaintiffs Fail to Sufficiently Tether VSS's Actions to a Legislatively-
                             Declared Policy of the CARES Act.
3

4            Under the public-policy test, in order to allege that a business practice is unfair, it must

5    "threaten[] a violation of law or violate[] the policy or spirit of one of those laws because [the

6    business practice's] effects are comparable to or the same as a violation of the law." *Hodsdon*, 891

7    F.3d at 866 (citing *Cel-Tech*, 973 P.2d at 544)(quotation omitted).  There must also be "a close

8    nexus between the challenged act and the legislative policy."  *Id.*

9            Plaintiffs fail to set forth what the legislatively-declared policy is at issue and also do not

10   allege sufficient facts to indicate a close nexus between VSS's challenged conduct and any

11   legislatively-stated policy.  *See* Compl. ¶102 (alleging VSS improperly reduced Plaintiffs' scores

12   because Plaintiffs were in a CARES Act loan suspension program, and the purported reduction

13   thereby contravened the public policy behind CARES Act); *see Lozano*, 504 F.3d at 736 (requiring

14   unfairness of a defendant's practices to "be tied to a 'legislatively declared' policy"); *Scripps Clinic*

15   *v. Superior Court*, 134 Cal. Rptr. 2d 101, 116 (Cal. Ct. App. 2003)(in a UCL case, noting that

16   California Supreme Court has cautioned that "'public policy' as a concept is notoriously resistant to

17   precise definition, and…courts should venture into this area, if at all, with great care and due

18   deference to the judgment of the legislative branch, lest they mistake their own predilections for

19   public policy")(quotations and citation omitted).

20           The CARES Act does not set forth a legislatively-declared policy, but states that its purpose

21   is:  "providing emergency assistance and health care response for individuals, families and

22   businesses affected by the 2020 coronavirus pandemic."  Pub. L. No. 116-136, 134 Stat. 281, 281.  It

23   is not entirely clear which purported business practice of VSS Plaintiffs allege is unfair because

24   Plaintiffs' allegations impermissibly lump all of the Defendants' conduct together.  *See supra.*  VSS

25   does not dispute that it is a developer of credit scoring models.  But there is nothing "unethical,

26   immoral, unscrupulous, oppressive, or substantially injurious" about developing a credit scoring

27   model.  Indeed, as Plaintiffs allege, creditors routinely use credit scoring models.  *See* Compl. ¶60.

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

VantageScore's Motion to Dismiss
Case No. 3:20-cv-3424-EMC

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    Nor does the CARES Act speak to the development of credit scoring models.  Pub. L. No.

2 116-136, §3513.  Indeed, the CARES Act does not address scoring models or developers at all.

3 Moreover, nothing in the CARES Act imposes a duty on VSS to alter or modify its scoring

4 model.  Rather, the CARES Act requires only the Secretary of Education to "ensure" suspended

5 student loan payments are treated as if a regularly scheduled payments were made.  *See id;* Compl.

6 ¶¶28, 36 (quoting CARES Act).

7    Despite that, Plaintiffs allege that VSS's models are unfair because they "inaccurately

8 predict[] that consumers are worse credit risks based on nothing other than the fact that they have

9 federal loans as to which the federal government has suspended payment," which "runs directly

10 counter to the public policy as stated in the CARES Act."  Compl. ¶133; *id.* ¶102 (alleging same).

11 But as Plaintiffs acknowledge in their complaint, scoring models take into account much more than a

12 consumer's federal student loan.  *See* Compl. ¶59 (alleging an algorithm's specifications take into

13 account "certain kinds of credit events (payments, account closures, defaulted payments, liens, etc.)

14 [which] can negatively or positively affect a consumer's credit score").  Thus, Plaintiffs' own

15 allegations undermine their claim as to VSS's model.

16    Plaintiffs also allege that the model is unfair because "Defendants failed to anticipate the

17 impact…on consumers' credit scores," and "failed to revise their scoring algorithms" quickly

18 enough in contravention of the public policy underlying the CARES Act.  Compl. ¶102.  As noted

19 above, the scoring models at issue were developed years before the CARES Act enacted.  VSS

20 could not reasonably anticipate in 2013 or 2017, when the models were developed, that a pandemic

21 would lead Congress to pass the CARES Act in 2020.  In sum, Plaintiffs have failed to allege facts

22 that show that VSS's development of credit scoring models offends an established public policy or

23 that the development is "immoral, unethical, oppressive, unscrupulous or substantially injurious to

24 consumers."  Accordingly, Plaintiffs' UCL claim fails under the public policy test.

25    2.    Plaintiffs Fail to Sufficiently Allege the Harm to the Public Is Greater
          than the Utility of VSS's Development of Credit Scoring Models.

26

27    Under the balancing test, courts weigh the impact of the challenged business practice on the

28

VantageScore's Motion to Dismiss
Case No. 3:20-cv-3424-EMC

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

alleged victim against the reasons, justifications, and motives of the alleged wrongdoer.  *See Lozano*, 504 F.3d at 736.  "[A] plaintiff states a claim if he alleges [facts that would show] that the harm to the public from the business practice is greater than the utility of the practice."  *Backus v. Gen. Mills, Inc.*, 122 F. Supp. 3d 909, 929 (N.D. Cal. 2015) (citation omitted).  Although generally a question of fact, dismissal on the pleadings of a UCL claim is nevertheless proper where, "even when viewing the facts in the plaintiff's favor, a complaint fails to allege a business practice whereby a reasonable consumer would likely be deceived by the practice."  *Letizia* , 267 F. Supp. 3d at 1245-46.

Here, the challenged business practice is apparently VSS's development of its credit-scoring model.[7]  Plaintiffs do not allege that VSS had ill motives when it developed its models, nor do Plaintiffs allege that a reasonable consumer would be deceived by VSS's development of its credit-scoring models.  Plaintiffs attempt to bring VSS into the fray by lumping all the Defendants together.  As discussed above, this is impermissible, and therefore, Plaintiffs fail to allege the requisite type of harm needed to support a UCL claim against VSS.

**b.**    ***Plaintiffs' Allegations under the Fraudulent Prong of the UCL Fail to State a Claim and Must Be Dismissed.***

"[A] fraudulent business practice is one that is likely to deceive members of the public."  *Boschma v. Home Loan Ctr., Inc.*, 129 Cal. Rptr. 3d 874, 893 (Cal. Ct. App. 2011)(citation and quotation omitted).  "'Likely' to deceive requires that deception is 'probable,' not merely 'possible.'"  *Ford v. Hotwire, Inc.*, No. 07-CV-1312 H (NLS), 2007 U.S. Dist. LEXIS 98370, at *10 (S.D. Cal. Nov. 19, 2007).  "The determination as to whether a business practice is deceptive is based on the likely effect such practice would have on a reasonable consumer."  *McKell v. Washington Mutual, Inc.*, 49 Cal. Rptr. 3d 227, 239 (Cal. Ct. App. 2006).

Here, Plaintiffs allege that VSS's practices were fraudulent under the UCL "because consumers and report recipients were deceived and/or were likely to be deceived by Defendants' inaccurate representations with respect to Plaintiffs and the California Subclass Members'

[7] Plaintiffs' allegations also seem to claim the VSS *models* are unfair rather than VSS's conduct or business practices.  *See* Compl. ¶133.  A scoring model is not, however, a *business practice*.

creditworthiness." Compl. ¶135. Plaintiffs' allegations fail to state a claim for three reasons.

*First*, Plaintiffs impermissibly merged the Defendants together when alleging that Defendants made "inaccurate representations" of Plaintiffs' creditworthiness. *Id.* And Plaintiffs' more specific allegations never assert that VSS either prepares or distributes consumer reports. *See* Compl. ¶¶41-42, 47, 48, 56, 58, 72, 74, 76, 85, 100, 111.

*Second*, Plaintiffs failed to plead their fraud allegations against VSS with the requisite particularity. Plaintiffs never identify the who, what, when, where, and how of VSS's alleged "inaccurate representations." *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125-26 (9th Cir. 2009)(stating "we have specifically ruled that Rule 9(b)'s heightened pleading standards apply to claims for violations of the…UCL").

*Third,* Plaintiffs fail to allege facts showing that a reasonable consumer or report recipient would be deceived by the credit reports or any credit score. Instead, Plaintiffs summarily allege that deception would occur. Compl. ¶135. "'Factual allegations must be enough to raise a right to relief above the speculative level.'" *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008)(quoting *Twombly*, 550 U.S. at 555). Plaintiffs' allegations fail to do so. Plaintiffs also fail to allege that *they* were deceived by any misrepresentations by VSS. *See Kearns,* 567 F.3d at 1126. Thus, Plaintiffs' UCL claim under the fraudulent prong should be dismissed for failure to allege adequately that VSS somehow deceived them or the public.

### F. Leave to Amend Would be Futile.

A court may dismiss a complaint with prejudice where plaintiffs are unable to allege additional facts to support a cause of action and leave to amend would be futile. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010)(stating leave to amend may be denied if amendment would be futile). Here, there are no facts that Plaintiffs could allege that would give rise to a cause of action against VSS under the UCL. Accordingly, leave to amend would be futile. The Court should dismiss Plaintiffs' claim against VSS with prejudice.

### IV. CONCLUSION

For the foregoing reasons, VSS respectfully requests that the Court grant its Motion to

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Dismiss Plaintiffs' Complaint with prejudice pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

Dated:  July 17, 2020

Respectfully submitted,

REED SMITH LLP

*/s/ Terence N. Hawley*
Terence N. Hawley (SBN 179106)
101 Second Street, Suite 1800
San Francisco, CA  94105-3659
T:  415-543-8700
F:  415-391-8269
thawley@reedsmith.com

*and*

BERENS & MILLER, P.A.
*/s/ Barbara Podlucky Berens*
Barbara Podlucky Berens
(Admitted *Pro Hac Vice*)
Carrie L. Zochert
(Admitted *Pro Hac Vice*)
Erin K. Lisle
(Admitted *Pro Hac Vice*)
3720 IDS Center
80 South 8th Street
Minneapolis, MN  55402
T:  612-349-6171
F:  612-349-6416

*Attorneys for Defendant*
*VANTAGESCORE SOLUTIONS, LLC*

VantageScore's Motion to Dismiss
Case No. 3:20-cv-3424-EMC

**ECF SIGNATURE CERTIFICATION**

Pursuant to Civil L.R. 5-1(i)(3), I, Terence N. Hawley, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

Dated: July 17, 2020                    Respectfully submitted,

                                        By: /s/ Terence N. Hawley
                                            Terence N. Hawley

                                        *Counsel for Defendant*
                                        *VANTAGESCORE SOLUTIONS, LLC*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware