RANDALL W. EDWARDS (S.B. #179053)
redwards@omm.com
JAMES K. ROTHSTEIN (S.B. #267962)
jrothstein@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center
28th Floor
San Francisco, California 94111-3823
Telephone: +1 415 984 8700
Facsimile: +1 415 984 8701

ELIZABETH L. MCKEEN (S.B. #216690)
emckeen@omm.com
DANIELLE N. OAKLEY (S.B. #246295)
doakley@omm.com
O'MELVENY & MYERS LLP
610 Newport Center Drive
17th Floor
Newport Beach, California 92660
Telephone: +1 949-823-6900
Facsimile: +1 949-823-6994

Attorneys for Defendant
TRANSUNION LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| KATHERINE SASS and CODY HOUNANIAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GREAT LAKES EDUCATIONAL LOAN SERVICES, INC. et al.,<br><br>Defendants. | Case No. 20-cv-3424-EMC<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT TRANSUNION LLC'S MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**<br><br>Hearing Date: August 27, 2020<br>Time: 1:30 p.m.<br>Place: Courtroom 5<br>Judge: Edward M. Chen |

**[PROPOSED] ORDER**

Defendant TransUnion, LLC's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) came on for hearing before this Court on August 27, 2020.  After consideration of all the papers submitted and the arguments of counsel, and all other matters presented to the Court in this action, the Court hereby grants TransUnion's Motion to Dismiss.

Mr. Hounanian asserts claims under the unfair business practices and fraudulent business practices prongs of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL").  First, Mr. Hounanian has not stated an unfair business practices claim because TransUnion's alleged conduct was consistent with the purposes of the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. 116–136 (the "CARES Act"), and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and was not otherwise immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers.  The CARES Act imposes specific reporting obligations upon credit furnishers, not consumer reporting agencies, and does not change any obligations of consumer reporting agencies like TransUnion, which must be able to rely on and report data as they receive it from furnishers subject to the procedural safeguards that the FCRA establishes.

Second, Mr. Hounanian has not stated a fraudulent business practices claim because he does not allege that TransUnion made an inaccurate or misleading representation, and there is no allegation that anyone relied on any alleged misrepresentation by TransUnion.

Third, Mr. Hounanian lacks standing to maintain his claim under Article III because the sole relief he seeks from TransUnion that is available under the UCL is injunctive relief, but he does not allege that any purported harm he suffered as a result of his allegedly decreased VantageScore score is ongoing or likely to recur.

Fourth, Mr. Hounanian lacks standing under the UCL because the money or property he alleges to have lost did not result from any alleged conduct by TransUnion.

Finally, because Mr. Hounanian's sole claim against TransUnion seeks injunctive relief, his claim is preempted by the FCRA.

Therefore, IT IS HEREBY ORDERED that TransUnion's Motion to Dismiss Pursuant to

1  Fed. R. Civ. P. 12(b)(1) and 12(b)(6) is GRANTED.

3      IT IS SO ORDERED.

5      Dated: _____

                                                          Hon. Edward M. Chen
6                                                            United States District Judge